THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
CHERYL O'CONNOR MURPHY (CA Bar No. 173897)
SARAH J. HEIDEL (CA Bar No. 209886)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0759/2451
     Facsimile:  (213) 894-6269
     E-mail: cheryl.murphy@usodj.gov
             sarah.heidel@usdoj.gov

ANDREW J. KLINE (DC Bar No. 441-845)
Special Litigation Counsel
Civil Rights Division
United States Department of Justice
Washington, DC 20004

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) NO. CR 07-11(B)-MMM |
|---|---|
| Plaintiff, | ) GOVERNMENT'S POSITION REGARDING RESTITUTION OWED BY DEFENDANT PABLO BONIFACIO |
| v. | ) |
| PABLO BONIFACIO, | ) |
| Defendants. | ) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, respectfully files its position regarding restitution owed by defendant Pablo Bonifacio.

DATED: August 13, 2008        Respectfully Submitted,

                                       THOMAS P. O'BRIEN
                                       United States Attorney

                                       CHRISTINE C. EWELL
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       SARAH J. HEIDEL
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

On May 8, 2008, Pablo Bonifacio ("defendant") pleaded guilty, pursuant to a written plea agreement, to Counts 1 and 50 of a fifty count indictment. Count 1 charged defendant with conspiracy to import female aliens into the United States for the purpose of prostitution and sex trafficking in violation of 18 U.S.C. § 371. Count 50 charged defendant with transporting a female alien for the purpose of commercial advantage and private financial gain in violation of 18 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(I).

On July 21, 2008, the government filed a sentencing position recommending that the Court sentence defendant to a 33-month term of imprisonment, a three-year period of supervised release, and a special assessment of $200. The government also indicated that at a future date it would be seeking restitution based upon the back wages owed as a result of hours worked by the victims in this case.

On July 28, 2008, the parties appeared at a sentencing hearing in this case. At that hearing, the Court continued the sentencing in this matter to August 22, 2008, and ordered the government to provide to defense counsel and the Probation Office no later than August 1, 2008, materials concerning restitution owed by defendant. The Court further ordered the parties to attempt to reach a stipulation regarding a proposed restitution amount. On July 31, 2008, the government filed and served on defense counsel restitution analysis prepared by the Department

1 of Labor, and mailed a copy to the Probation Office.[1]

**II**

**ARGUMENT**

Under 18 U.S.C. § 3663, the Court may order restitution to the victim of an offense. In determining whether to order restitution, the Court should consider "the amount of loss sustained by each victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors that the court deems appropriate." 18 U.S.C. §§ 3663(B)(i)(I),(II).

There is no doubt that the victims in this case have suffered substantial losses. Not only were the victims forced into prostitution, but they were also denied the ability to pursue a livelihood for themselves while they were under the defendant and his coconspirator's control. Although it is difficult to quantify the loss associated with dehumanizing acts which the victims were forced to perform, the Court can order restitution for the value of the lawful, gainful employment in which the victims might have otherwise engaged absent defendant's illegal conduct.

The analysis previously submitted by the government on July 31, 2008, calculates each victim's total back wage amount, taking

---

[1] As of the date of this filing, the government has exchanged voice mails with defense counsel, Brian Newman, but has been unable to reach him to discuss a stipulation. Accordingly, the government is filing this position regarding the restitution it believes is owed by defendant to the victims of defendant's offense.

into account the total hours each victim worked per day, the number of days each victim worked per week, and the total time period that each victim worked.  With respect to the victims with whom defendant was specifically involved in driving for purposes of prostitution (Jane Doe # 2, Jane Doe #7 and Minor Female #4), the total amount of back wages owed is $77,654.[2]  By his own admission, defendant's illegal conduct encompassed the entire duration that defendant and his coconspirators forced Jane Doe #2, Jane Doe #7, and Minor Female #4 to work as prostitutes. (See, e.g., Plea Agreement at 15 (stating that defendant drove Jane Doe #2 beginning in January 2006 until December 20, 2006)). Accordingly, the government's position is that through defendant's involvement in forcing these victims to generate unlawful profits for the sole benefit of the defendants, and thereby depriving the victims of any opportunity to labor lawfully on their own behalf, the defendant denied the victims a total of $77,654.00 in the value of their own labor.

///

---

[2] Because defendant pleaded guilty to Count 1, which charged defendant with conspiracy to violate 18 U.S.C. § 1591 (sex trafficking) and 8 U.S.C. 1328 (importation of an alien for purposes of prostitution), the government believes that defendant is arguably accountable for restitution owed to all twelve victims, not just those with whom he directly interacted.  Given defendant's relatively minor role in this offense, however, the government is not seeking restitution from defendant on behalf of the remaining victims.

**III**

**CONCLUSION**

For all the foregoing reasons, the government requests that the Court order defendant to pay restitution in the amount of $77,654.00.