1 | Brian A. Newman for
Law Offices of Brian A. Newman
2 | Attorneys & Counselors At Law
300 Corporate Pointe Suite 330
3 | Culver City, California  90230
(310) 417-3835; Fax: (310) 337-0063
4 | jjnewbee@sbcglobal.net
CA State Bar #89975
5 | Attorney for Defendant Pablo Bonifacio-Garcia

6

7

8 |                 UNITED STATES DISTRICT COURT

9 |               CENTRAL DISTRICT OF CALIFORNIA

10 |                    WESTERN DIVISION

11 | UNITED STATES OF AMERICA,         ) CASE NO.: CR-07-11-MMM
                                      )
12 |                    Plaintiff,    ) OBJECTION OF DEFENDANT
                                      ) BONIFACIO-GARCIA TO THE
13 |        vs.                       ) GOVERNMENT'S SUBMISSION OF
                                      ) RESTITUTION ANALYSIS
14 | PABLO BONIFACIO-GARCIA,          )
                                      )
15 |                    Defendant.    )
                                      )
16 | _____ )

17 |     Defendant Pablo Bonifacio-Garcia, through his attorney Brian

18 | A. Newman, hereby objects to the Government's Restitution

19 | Analysis  as follows:

20 |     The Government seeks restitution in the amount of

21 | $345,657.38 [prior to the filing of this Opposition, counsel

22 | received the government's position on August 13, 2008(documents

23 | 413 and 414), requesting restitution in the amount of

24 | $77,655.38].   However, Defendant Bonifacio-Garcia should not be

25 | ordered to pay any restitution.

26 |     First, even if restitution is ordered, Defendant Bonifacio-

27 | Garcia will never be able to pay restitution as he is a

28 | deportable alien, with limited skills, and while in federal

1  custody the most he would earn per month is $25.00, if he is
2  allowed to work at all.  Upon deportation to Mexico he may not be
3  able to find gainful employment.  If he finds gainful employment
4  he will most likely earn minimum wage.  Nor will the United
5  States Government have any means to collect restitution from
6  Defendant Bonifacio-Garcia.

7       Second, Defendant Bonifacio-Garcia **merely transported the**
8  **victims.**  He was NOT the victims' employer.  Defendant Bonifacio-
9  Garcia had nothing whatsoever to do with the payroll or finances
10 of the operation.  He had no control over employee wages.

11      It should be noted that the probation officer, in the
12 Presentence Report, noted that "There is no restitution in this
13 case." [Presentence Report page 19 paragraph 123].

14      Additionally, the Government seeks an order requiring
15 Defendant Bonifacio-Garcia to pay restitution for lost wages
16 which were the proceeds of criminal conduct.  The "victims" were
17 prostitutes.  The "victims" were involved in illegal activities.
18 As such, any wages they may have "earned" would have been due to
19 their own criminal actions.  It is ludicrous to expect
20 prostitutes to receive restitution when they, themselves, were
21 breaking the law.  Prostitutes were not contemplated to be
22 defined as "victims" under the restitution statutes.  Further,
23 Congress did not contemplate that lost earnings for acts of
24 prostitution should qualify for restitution under the restitution
25 statutes.

26       **PROBLEMS WITH THE GOVERNMENTS CHART/ANALYSIS**
27      The Government's chart lists federal minimum wage and state
28 minimum wage for a total back wage liability of $345,657.38.  The

2

1   Government's chart appears to add the federal minimum wage and
2   the state minimum wage together to come up with a minimum wage
3   total.

4        Counsel is not proficient in labor law and therefore is
5   unsure of the appropriateness of adding federal and state minimum
6   wages together to determine the employees' wages.

7        The employees also claim overtime as stated in the
8   Government's chart.

9        The Government's chart refers to the arrival into the United
10  States, time period worked, and hours worked for many employees
11  [see pages 2-3 of the Government's Submission of Restitution
12  Analysis (document number 394 - later filed under seal)].
13  However, it should be noted that this portion of the chart bases
14  these amounts pursuant to victims' interviews with F.B.I. and/or
15  I.C.E. agents.

16       The Government does not credit any of the employees'
17  expenses paid by the employer, for the benefit of the employees,
18  which the employer would deduct from employee wages.  In this
19  case, food, clothes, rent, transportation, travel to the United
20  States, and entertainment.

21       Further, Defendant Bonifacio-Garcia has absolutely no access
22  to any payroll documentation to verify whether the Government's
23  accounting is accurate.

24       The Government's chart also lists approximately 13
25  employees.

26       Defense counsel is aware that several of the women were
27  known prostitutes and registered as such in Guatamala [As example
28  see Exhibit "A" attached hereto].  It should be noted that

3

prostitution is legal conduct in Guatamala.  These women traveled
to the United States to work as prostitutes.  It can be inferred
that these women did not know that prostitution was illegal in
the United States.

Even if, arguendo, Defendant Bonifacio-Garcia should be
liable to pay restitution, he should only be responsible for the
victims relating to his plea agreement (Minor Female #4, Jane Doe
#2, and Jane Doe #7 [see Plea Agreement page 14, lines 15-18]).
Therefore the totals would be Jane Doe 2 $39,791.25 [see pages 8-
9 of the Government's Submission of Restitution Analysis
(document number 394 - later filed under seal)]; ; Jane Doe #7
$8,285.63 [see page 14 of the Government's Submission of
Restitution Analysis (document number 394 - later filed under
seal)] and Minor Female #4 $29,578.50 [see pages 24-25 of the
Government's Submission of Restitution Analysis (document number
394 - later filed under seal)] for a total of $77,655.38.

Lastly, if the Court should order restitution, restitution
should be "joint and several" along with the other convicted
defendants.

### MEMORANDUM OF POINTS AND AUTHORITIES

The Government seeks to define prostitutes as employees and
entitled to wages.  It is assumed that the Government also deems
"lost income" is that which the prostitutes would have been paid
by their customers directly if not for the intervention of the
Defendants.

*United States Sentencing Guidelines USSG § 5E1.2  (d)(2)(3)*
states that:

"In determining the amount of the fine, the

4

court shall consider: (1) the need for the
combined sentence to reflect the seriousness
of the offense (including the harm or loss to
the victim and the gain to the defendant), to
promote respect for the law, to provide just
punishment and to afford adequate deterrence;
" (2) any evidence presented **as to the
defendant's ability to pay** the fine
(including the ability to pay over a period
of time) **in light of his earning capacity and
financial resources**; (3) the burden that the
fine places on the defendant and his
dependents relative to alternative
punishments." [emphasis added].

*Title 18 U.S.C. Section 3663(a)(1)(B)(I),(II),(ii)*
states in pertinent part that:

". . . (B)(i) The court, in determining
whether to order restitution under this
section, shall consider--

**(I)** the amount of the loss sustained by each
victim as a result of the offense; and

**(II) the financial resources of the
defendant, the financial needs and earning
ability of the defendant and the defendant's
dependents, and such other factors as the
court deems appropriate.**

**(ii)** To the extent that the court determines

5

1          that the complication and prolongation of the

2          sentencing process resulting from the

3          fashioning of an order of restitution under

4          this section outweighs the need to provide

5          restitution to any victims, the court may

6          decline to make such an

7          order." [emphasis added].

8

9        There are five steps to determine restitution.  They are:

10       **STEP ONE: Identify the statutory offense of conviction and**

11   **determine if there is an applicable restitution statute.**

12       In Defendant Bonifacio-Garcia's case the statutory offense

13   of conviction does not include statutory restitution.   Count

14   One, the conspiracy charge, states that illegal aliens were

15   imported for immoral purposes. Count Fifty relates to Defendant

16   Bonifacio-Garcia transporting and moving three female aliens.

17       In conspiracy type cases, the Court must determine the

18   extent or nature of the scheme, in order to know which acts or

19   victims are included for restitution purposes.   Further, some

20   courts have been willing to look beyond the specific offense of

21   conviction, and look at the scope of the facts alleged in the

22   indictment, the plea colloquy, or the proof at trial in order to

23   determine the nature and extent of the scheme.

24       As example, in  in *United States v. Jackson*,  155 F.3d 942

25   (8th Cir. 1998), the  case involved conspiracy to possess

26   unauthorized credit cards and ID documents, and restitution was

27   upheld for theft of identity documents and cards because evidence

28

1    at trial indicated that thefts were in furtherance of conspiracy)

2        However, in *United States v. Hughey* (known as "Hughey II"),

3    147 F.3d 423, 438 (5th Cir. 1998), cert denied, 119 S.Ct. 569

4    (1998) restitution was vacated  for losses that "fall outside the

5    offense as defined in the indictment, and the trial record does

6    not otherwise tie those losses to Hughey's fraudulent scheme."

7        **Step Two: - Identify the victims of the offense of**

8    **conviction.**

9        In general, the term "victim" is a person directly and

10   proximately harmed as a result of the commission of an offense .

11   . . . " *18 U.S.C. §3663A(a)(2)* and *3663(a)(2)*.

12       In this case, the victims' losses were that of wages from

13   the act of prostitution (an illegal act) and therefore, they were

14   not contemplated to be termed "victims" for the purposes of

15   restitution.

16       The next step in restitution is to determine the identity of

17   the victim.  *18 U.S.C. §3663* states that ". . . the

18   term 'victim' means . . . in the case of an offense that involves

19   as an element a scheme, conspiracy, or pattern of criminal

20   activity, any person directly harmed by the defendant's criminal

21   conduct in the course of the scheme, conspiracy, or pattern".

22   The government has the burden of proving the harm suffered by the

23   victims for restitution purposes by a preponderance of the

24   evidence.  See *United States v. Angelica*, 951 F.2d 1007, 1010

25   (9th Cir. 1991).

26   In this case, the government has failed to show that prostitutes

27   would qualify as a "victim" and be entitled to restitution for

28

7

lost wages.

Further, the scope of the offense for restitution victims is narrower than that for relevant conduct under the sentencing guidelines and *18 U.S.C. §3663* should govern rather than the sentencing guideliens.

Additionally, appellate courts have been very conservative in identifying victims of the offense for restitution.  See *United States v. McArthur*, 108 F.3d 1350 (11th Cir. 1997).

**Step Three:   Identify the harms caused to the victims by the offense of conviction.**

There has been no harm to the three victims/prostitutes. Defendant Bonifacio-Garcia's overt acts was merely to transport three prostitutes.  None of the prostitutes were harmed in any way during the times the Defendant transported them.

**Step Four: Determine whether the victims' losses are statutorily compensable harms (under the restitution statute).**

Restitution is not mandatory in Defendant Bonifacio-Garcia's case.  Lost earnings for working as a prostitute is  not a statutorily compensable harm.

Restitution is either mandatory or discretionary, determined by the statutory offense of conviction.  In Defendant Bonifacio-Garcia's case, restitution should be deemed discretionary.

As example, in *United States v. Reed*, 80 F.3d 1419 (9th Cir. 1996), the district court ordered restitution for a shooting victim.  However, the appellate court reversed as the defendant had been convicted of being a felon in possession of a

1   gun and, therefore, the shooting victim was not entitled to

2   restitution.  However, in *United States v. Smith*, 182 F.3d 733,

3   736 (10th Cir. 1999) restitution was upheld as the conviction for

4   using a gun in a crime of violence during a credit union robbery

5   was integral to the injury and loss to the credit union.

6        In *United States v. Paradis*, 219 F.3d 22 (1st Cir. 2000), it

7   was determined that a bankruptcy trustee was not a victim in a

8   bankruptcy money laundering fraud scheme.

9   **Step Five: Does the plea agreement allow broader**

10  **restitution.**

11       The plea agreement does not mention restitution at all.

12       The government seeks to compensate all the alleged victims

13  as if a determination of said compensation is similar to a

14  relevant conduct determination under the Federal Sentencing

15  Guidelines.  The scope of the offense for restitution victims is

16  narrower than that for relevant conduct under the Sentencing

17  Guidelines. *Hughey v. United States* 495 U.S. 411 (1979).

18                              **CONCLUSION**

19   Not only does the government ask this Court for an order of

20  restitution, the government asks the court to determine the

21  hours worked based only upon the victims/prostitutes statements.

22  It should be noted that the victims/prostitutes are extremely

23  uneducated, probably very frightened when they were interviewed

24  by law enforcement and, very likely, cannot even tell time.

25   The government has not provided this Court with any concrete

26  evidence of the hours worked by the victims/prostitutes.

27  //

28  //

1    For the foregoing reasons, Mr. Bonifacio-Garcia

2 respectfully requests that this Honorable Court find restitution

3 is not a viable sentence as to Defendant Bonifacio-Garcia.

4    In the alternative, restitution should be in the amount of

5 $77,655.38 and should be "joint and several" with the other

6 convicted defendants.

7

8 Dated: August 13, 2008        Respectfully submitted,

9                               LAW OFFICES OF BRIAN A. NEWMAN
                                Attorneys and Counselors at Law
10

11                             By: _____
                                   BRIAN A. NEWMAN
12                                 Attorney for Defendant
                                   Pablo Bonifacio-Garcia
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

To whom it may concern:

The undersigned Medical Coordinating Municipal of Mazatenango, graduating from the University of San Carlos of Guatemala, collegiate 4607, Doctor Francisco Ramos , put on record that Aura Marina Ramos Solval appears to be registered in the file of the sexual profilaxia of the center of health with the date of February 27, 2003 and Ann Sarai Hernandez Cordona appears to be registered on June 23, 2006, from the rest of the list there appears to be no one else. And for the legal use of those who are interested I declare on record in the city of Mazatenango on the twenty third day of July of the year 2008

Dr. Francisco Ramos Robles

A QUIEN INTERESE

El infrascrito medico Coordinador Municipal de Mazatenango, egresado de la Universidad de San Carlos de Guatemala, colegiado 4607, Doctor Francisco Ramos Robles, HACE CONSTAR QUE: AURA MARINA RAMOS SOLVAL aparece registrada en el archivo de la profilaxia sexual del centro de salud con fecha 27 de Febrero del año 2003 y ANA SARAI HERNANDEZ CARDONA aparece registrada el 23 de Junio del año 2006; del resto de la lista no aparece ninguna. Y para los usos legales que al interesado convenga extiendo la presente constancia en la ciudad de Mazatenango a los veintitrés dias del mes de Julio del año dos mil ocho........ ...................................................................................................................

Dr. Francisco Ramos Robles
Coordinador Municipal
Centro de Salud de Mazatenango.

Dr. Francisco F. Ramos R.
Colegiado 4607
COORDINADOR
MUNICIPAL

PROOF OF SERVICE

I declare that I am over the age of 18 and not a party to the within action.  My business address is 300 Corporate Pointe, Suite 330, Culver City, California 90230.

On 8/14/08 I served the following documents: **OPPOSITION OF DEFENDANT BONIFACIO-GARCIA TO THE GOVERNMENT'S RESTITUTION ANALYSIS** on the interested parties in this action by placing a true copy of each document thereof, enclosed in a sealed envelope addressed as follows:

Cheryl Murphy
Sarah Heidel
Assistant United States Attorney
United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
VIA CM/ECF

Tami Keller
Probation Officer
United States Courthouse
312 North Spring Street
Los Angeles, CA  90012
VIA FAX: 213-894-3627

(   )    By Mail.  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at 300 Corporate Pointe, Suite 330, Culver City, California 90230.

(xxx )    By FAX Service.  I caused said document to be delivered by facsimile transmission to the above addressee(s).

(   )    By Personal Service.  I caused the envelope to be delivered by hand to addressees at the addresses indicated.

(   )    By Federal Express.   I caused the above documents to be delivered by Federal Express service.

(XXX )   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

(   )   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true  and correct.

*Sahnde Moulton*
SAHNDE MOULTON